UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:12-cr-00050-GFVT-HAI-1 |
| v. | ) | |
| WESLEY WILEY GWATHNEY, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 58.]  Defendant Wesley Wiley Gwathney has been charged with violating his terms of supervised release.  [R. 52.]  On June 20, 2013, this Court sentenced Mr. Gwathney to 70 months imprisonment followed by three years of supervised release following his guilty plea to the distribution of less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1).  [R. 31.]

Mr. Gwathney began his term of supervised release on December 19, 2017.  [R. 58 at 1.]  On March 2, 2018, the United States Probation Office (USPO) issued a Report on Offender Under Supervision, alleging that Mr. Gwathney had submitted a urine sample that tested positive for marijuana via instant testing and confirmed by laboratory testing.  [R. 38.]  Mr. Gwathney subsequently admitted to marijuana use.  *Id.*  The USPO recommended that no action be taken at that time, and this Court approved that recommendation, also on March 2, 2018.  *Id.*

On May 10, 2018, Mr. Gwathney submitted another urine sample that tested positive for marijuana, and he admitted to again using marijuana.  [R. 39.]  This time, and at Mr. Gwathney's

request, USPO recommended that Mr. Gwathney's term of supervision be modified to require him to participate in an intensive outpatient program and abide by that program's strict rules. *Id.* This Court approved that recommendation. *Id.* Two months later, on July 31, 2018, Mr. Gwathney's term of supervised release was revoked because of his possession and use of methamphetamine. [R. 48.] Mr. Gwathney was sentenced to twelve months of imprisonment followed by a period of three years of supervised. *Id.* An additional condition was added to Mr. Gwathney's supervision that required him to complete six months of outpatient substance abuse treatment. *Id.* Mr. Gwathney began his term of supervision on July 8, 2019, and satisfied the inpatient substance abuse treatment special condition on January 15, 2020. [R. 58 at 2.]

On August 11, 2020, the USPO initiated these proceedings by issuing a Supervised Release Violation Report alleging that on July 29, 2020, Mr. Gwathney submitted a urine sample that tested positive for methamphetamine and dilute by laboratory testing. *Id.* The Report alleges that Mr. Gwathney violated Mandatory Condition #3, requiring him to "refrain from any unlawful use of a controlled substance" (a Grade C violation) and Mandatory Conditions #1 and #2, requiring him to "not commit another federal, state, or local crime" and "not unlawfully possess a controlled substance" (a Grade B violation). *Id.* On August 28, 2020, Judge Ingram conducted an initial appearance pursuant to Rule 32.1 and set a final hearing upon receiving a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing from Mr. Gwathney. [R. 53.] At the initial appearance, the United States moved for interim detention, and Mr. Gwathney did not argue for release. *Id.* Judge Ingram found that detention was appropriate because Mr. Gwathney did not carry the heavy release burden imposed upon him pursuant to Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

Judge Ingram held the final hearing on September 10, 2020. [R. 56.] Upon a finding by Judge Ingram that Mr. Gwathney was competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made, and was consistent with the advice of counsel, Mr. Gwathney waived a formal hearing and stipulated to the violations contained in the report. *Id.* Judge Ingram found that the stipulation permitted him to find "by a preponderance of evidence," pursuant to 18 U.S.C. § 3583(e)(3), that Mr. Gwathney had engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. §7B1.1(a)(2). At the hearing, the parties disagreed on the appropriate sentence for Mr. Gwathney's violations. [R. 58 at 3.] The Government recommended two years of imprisonment followed by no supervised release, pointing to Mr. Gwathney's multiple instances of drug use while on supervised release, Mr. Gwathney's prior revocation due to methamphetamine use, and two prior burglary convictions and one possession of a controlled substance violation. *Id.* at 4. Counsel for Mr. Gwathney recommended six months of imprisonment followed by six months of inpatient substance abuse treatment with no supervised release to follow, pointing to Mr. Gwathney's hardships growing up that we worked hard to overcome, tragic personal circumstances, and a number of serious health concerns. *Id.* at 5.

After the final hearing, Judge Ingram carefully reviewed the entire record and considered the § 3553 factors in making his recommendation. Under § 7B1.1, Judge Ingram determined that Mr. Gwathney's admitted conduct in Violation #1 would constitute a Grade C violation and his admitted conduct in Violation #2 would constitute a Grade B violation. *Id.* at 7. Given Mr. Gwathney's criminal history category of V and a Grade B violation, Judge Ingram determined that Mr. Gwathney's range of incarceration would be eighteen to twenty-four months. *See* U.S.S.G. § 7B1.3(a).

Judge Ingram noted that Congress mandates revocation in cases where a defendant possesses a controlled substance. *See* 18 U.S.C. § 3553(g)(1); *see also U.S. v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (discussing use of a controlled substance as constituting possession). After addressing the nature and circumstances of Mr. Gwathney's conviction and Mr. Gwathney's prior treatment opportunities that bore little success, Judge Ingram found that even if revocation was not mandatory in this case, revocation and imprisonment would still be appropriate. [R. 58.] Ultimately, Judge Ingram made the following recommendations: 1) that Mr. Gwathney be found guilty of the violations; 2) revocation of Mr. Gwathney's supervised release with a term of twenty-one months of imprisonment at a facility closest to Mr. Gwathney's home that can accommodate his health issues; and 3) no supervised release to follow. *Id.* at 9.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 9–10; *see* 28 U.S.C. § 636(b)(1). Mr. Gwathney has not filed any objections to Judge Ingram's Report and Recommendation and he has provided a Waiver of Allocution. [R. 57.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation.

4

*United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 58]** as to Defendant Wesley Wiley Gwathney is **ADOPTED** as and for the opinion of the Court;

2. Mr. Gwathney is found **GUILTY** of the violations in the Report;

3. Mr. Gwathney's Supervised Release is **REVOKED**;

4. Mr. Gwathney is hereby **SENTENCED** to a term of twenty-one months of incarceration, with a recommendation that he be placed at a facility closest to his home that can accommodate his health issues;

5. No supervised release to follow; and

6. Judgment shall enter promptly.

This the 22nd day of December, 2020.

Gregory F. Van Tatenhove
United States District Judge